**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MILAGROS FIGUEROA, :<br>:<br>   Plaintiff, :<br>:<br>v. :<br>:<br>JP MORGAN CHASE BANK, N.A. et :<br>al., :<br>   Defendants. :<br>:<br>: | CIVIL ACTION NO.<br>1:09-CV-1874-RWS |

**ORDER**

This case comes before the Court on Defendant Chase's Motion to Dismiss Plaintiff's Second Amended Complaint [23]. After a review of the record, the Court enters the following Order.

**I. Factual Background[1]**

In April 2008, Plaintiff Milagros Figueroa obtained a mortgage from Defendant JPMorgan Chase Bank ("Defendant") in the amount of $129,200 at the fixed rate of 6.750% for thirty years. To finalize the transactions, Plaintiff

---

[1]As this matter is before the Court on a motion to dismiss, the Court takes the factual allegations in the Amended Complaint [22] as true. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

paid the remainder of the purchase price plus all settlement charges totaling $10,641.90.  On June 8, 2009, Plaintiff filed her original complaint [1] in the Superior Court of DeKalb County asserting claims against Defendant JPMorgan Chase Bank and Unnamed Defendants Does 1 through 50 for fraud, conversion, and quiet title, as well as violations of the Georgia Uniform Deceptive Trade Practices Act, Georgia Residential Mortgage Act, and the Georgia Fair Business Practices Act [1].

The case was removed by Defendant on July 9, 2009 to this Court [1]. Defendant subsequently filed a Motion for More Definite Statement and to Dismiss [3] which the Court has denied as moot herein.  Plaintiff then filed an amended version of the complaint on August 21, 2009.  The Amended Complaint asserted eleven counts; specifically, common law claims for fraud (Count One), fraud in the inducement (Count Two), conversion (Count Three), quiet title (Count Four), libel (Count Five), and conspiracy (Count Eight), and statutory violations of Georgia Uniform Deceptive Trade Practices Act (Count Six), Georgia Fair Business Practices Act (Count Seven), Georgia Residential Mortgage Act (Count Nine), Georgia Racketeer Influenced and Corrupt Organizations Act (Count Ten), and injunctive relief (Count Eleven).

On September 8, 2009, Defendant filed its Motion to Dismiss the Amended Complaint with prejudice [10] due to Plaintiff's failure to correct the numerous defects in her pleadings.  This Court ruled on February 16, 2010 that the Amended Complaint was in fact a shotgun pleading but denied Defendant's motion, allowing Plaintiff the opportunity to amend the complaint to remedy its defects.  Dkt. No. [21] at 9.  However, this Court allowed Defendant to renew its motion to dismiss if the Second Amended Complaint so warranted.  Id.

On March 2, 2010, Plaintiff filed her Second Amended Complaint [22]. Plaintiff now asserts eight causes of action: common law claims for fraud (Count One), fraud in the inducement (Count Two), conversion (Count Three), quiet title (Count Four), and defamation (Count Five), and statutory violations of Georgia Uniform Deceptive Trade Practices Act (Count Six), Georgia Residential Mortgage Act (Count Seven), and Georgia Fair Business Practices Act (Count Eight). In response, Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint [23], arguing that the complaint is still written as a shotgun pleading or, alternatively, that each of Plaintiff's claims fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Additionally, Defendant claims that Plaintiff's fraud and fraud-based claims were insufficiently plead under Federal Rule of Civil Procedure 9(b).

**II. Discussion**

A. Plaintiff's "Motion to Strike"

Plaintiff first moves–within its Opposition Brief–to "strike" Defendant's Motion to Dismiss exhibits. See, Pl.'s Opp., Dkt. No. [24] at 2.  These exhibits contain five decisions arising out of the Northern District of Georgia and one out of the Georgia Superior Court which all recognize that serial shotgun pleadings will be dismissed with prejudice.  Plaintiff moves to strike these exhibits because: 1) the Plaintiff and her counsel have not previously reviewed them; 2) the cases were not heard on the merits and were decided in the early phases of litigation; 3) that the Eleventh Circuit and the Georgia Supreme Court are the "correct" authority to cite for any "propositions of law;" 4) that this Court's use of these decisions would violate the Equal Protection Clause and other "constitutional mandates" under the Georgia and United States Constitution; and 5) for this Court to use the decisions would "be an inappropriate delegation of this Court's authority and power contrary to the functional purpose of this Court: to adjudicate the cases and controversies

4

presented based upon the facts and circumstances of each case." Pl.'s Opp., Dkt. No. [24] at 2-3. Defendant responds that the cases were cited for a legal principle–that shotgun pleadings will be dismissed with prejudice–not a factual one. Def.'s Reply, Dkt. No. [25] at 12 n.11.

This Court is not persuaded by Plaintiff's argument.  Defendant's exhibits were merely attached to demonstrate that this Court–and other Georgia courts–recognize that serial shotgun complaints will be dismissed with prejudice.  These decisions are thus persuasive authority for this Court under our common law system.  Further, this Court is fully competent to assess the relevancy and weight of these decisions.  As for Plaintiff's contention that she had never seen the cases before, it was precisely for this reason that the cases were attached, and Plaintiff was given the opportunity to respond to these decisions (if she so chose) in her Opposition Brief. Moreover, these cases are clearly cited in Defendant's Motion to Dismiss as a string cite for a legal principle–not for issue or claim preclusion as Plaintiff seems to allege.  For these reasons, Plaintiff's motion is **DENIED**.

5

B. Shotgun Pleading

Defendant Chase first claims that Plaintiff's Second Amended Complaint is a shotgun pleading and should be dismissed with prejudice. See Def.'s MTD, Dkt. No. [25] at 2. The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief. Strategic Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293 (11th Cir. 2002). By definition, a shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. " Id. at 1295 n.9. As a result, it is oftentimes difficult to discern which allegations of fact correspond to which defendant or claim for relief. Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996); see also Beckwith v. Bellsouth Telecomm. Inc., 146 F. Appx. 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' " ). The structure of the complaint is such that the defendant may find it impossible to frame a responsive pleading and provide appropriate defenses. Id. Dismissal of the

complaint with prejudice is a drastic sanction and requires a showing that the plaintiff acted willfully or in bad faith, or that lesser sanctions will not suffice. Beckwith, 146 F. Appx. at 373.

Defendant argues that Plaintiff's Second Complaint fails to remedy the faults found in Plaintiff's Amended Complaint. See Dkt. No. [21]. Namely, Defendant takes issue with Plaintiff's solution for incorporating by reference her allegations in every count. Instead of including one paragraph which incorporates by reference all of her preceding allegations, Plaintiff literally restates all of her fraud allegations in each subsequent count (for all except Count Eight). See Dkt. No. [22] at ¶¶ 71, 72, 77, 78, 87, 88, 98, 99, 108, 109, 113, 114. In doing so, Plaintiff lists her allegations in two paragraphs with each of the statements separated by semi-colons in "string-cite" fashion.

Additionally, Defendant argues that Plaintiff fails to parse her allegations and cite only those which are applicable for each count. For instance, the fact that Chase "concealed from plaintiff that the property value of the Subject Property was inflated 400% in order to maximize the principal amount of the loan" is irrelevant to Plaintiff's defamation claim. See Def.'s Reply, Dkt. No. [25] at 3 n.1.

7

Plaintiff counters that there are "no whole incorporations;" rather, Plaintiff only included those facts which were "necessary" to each cause of action. Any restatement of relevant facts only occurred because those facts underlaid multiple causes of action. Plaintiff claims, then, that her complaint allows Defendant to clearly respond to each allegation.

This Court is not persuaded by Plaintiff's argument and finds that Counts Three, Four, Five, Six, and Seven are all shotgun pleadings and warrant dismissal. However, Counts One and Two are sufficiently plead such that the Defendant could form a meaningful responsive pleading.

Plaintiff puts form over substance when she states that she has not incorporated her prior fraud allegations into her subsequent Counts. While Plaintiff did not state "paragraphs 'x' through 'y' are incorporated by reference," she did one worse–she literally re-listed all of the prior fraud allegations without a concern for their relevancy in the subsequent counts. Such action buries the material allegations amidst irrelevancies and is incapable of meaningful response. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (" The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations

8

that are material are buried beneath innumerable pages of rambling irrelevancies."). In fact, Plaintiff does not remove or change any of the fraud allegations when they are listed in the later counts. Compare Dkt. No. [22] at ¶¶ 71, 72 with Id. at ¶¶ 77, 78, 87, 88, 98, 99, 108, 109, 113, 114.

Ultimately, this Complaint is a "shotgun" complaint as applied to Counts Three, Four, Five, Six, and Seven. Plaintiff has now filed three complaints before this Court and has still written a shotgun pleading–"lesser sanctions [than dismissal] will not suffice." Beckwith, 146 F. Appx. at 373. Therefore, these Counts are **DISMISSED**, **with prejudice.**

C. Motion to Dismiss

Alternatively, Defendant challenges all of Plaintiff's remaining claims–Counts One, Two, and Eight–as failing to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Def.'s MTD, Dkt. No. [25] at 3-15.

**1. Legal Standard**

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences

9

in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted).

The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove  no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  Id.

### 2. Counts One and Two - Fraud and Fraudulent Inducement

Defendant claims that Plaintiff fails to plead fraud with particularity and fails to plead actionable fraud. See Def.'s MTD, Dkt. No. [23] at 10.  Complaints that allege fraud  must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires that in alleging fraud the

10

circumstances constituting fraud must be stated with particularity. "A complaint satisfies Rule 9(b) if it sets forth precisely what statements or omissions were made in what documents or oral representations, who made the statements, the time and place of the statements, the content of the statements and manner in which they misled the plaintiff, and what benefit the defendant gained as a consequence of the fraud." In re Theragenics Corp. Sec. Litig., 105 F. Supp. 2d 1342, 1347 (N.D. Ga. 2000) (citing Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)).

Defendant first claims that Plaintiff's fraud allegations do not include "specific material facts" to satisfy the heightened fraud pleading standard. Namely, Defendant claims the allegations are too broad and that "[i]n the rare instances where Plaintiff attempts to add the requisite detail, she does so in the vaguest possible way." Def.'s MTD, Dkt. No. [23] at 11.

Additionally, Defendant claims that even if fraud is sufficiently plead, her fraud allegations are not actionable as a matter of law. Defendant argues: 1) all allegations that Defendant made false promises about the future are not actionable; 2) any failure to disclose terms or rushing Plaintiff to sign the documents is not actionable because Plaintiff had an opportunity to read the

11

documents before signing them; 3) Plaintiff's reliance on Defendant to tell her that she couldn't afford the loan was misplaced because Defendant did not have the duty to advise borrowers in connection with loan transactions and because such advice amounts to a non-actionable future event; 4) Plaintiff did not mount a claim to prove she justifiably relied on Defendant because the information at issue was equally available to both parties–i.e. Plaintiff "blindly relied;" 5) the concealment claim is not proper because Defendant had no duty to disclose and there was no confidential relationship between the two parties; and 6) Plaintiff's claim that Defendant inflated the appraisal is not warranted because she plead no facts that the home was improperly valued at the time of the transaction. See Def.'s MTD, Dkt. No. [23] at 12-15.

Taking all of Plaintiff's allegations as true and all reasonable inferences in her favor, Plaintiff has plead and stated a fraud and fraud in the inducement cause of action sufficient to survive a motion to dismiss. At a minimum, Plaintiff has alleged specific misrepresentations as to the value of her property at the time of closing. Plaintiff alleges: 1) that she paid for an appraisal as a condition of her closing, 2) that appraisal yielded an estimated value of $150,000, 3) that the appraised value was 400% the actual market value at the

time, 4) that Plaintiff justifiably relied on that evaluation in entering into the loan agreement, 5) that Defendant's representative purposely misrepresented the value to induce Plaintiff to enter into the loan, and 6) that Plaintiff was damaged as she was induced to take out a much greater loan than was appropriate for the subject property.  See Second Amended Cmpl., Dkt. No. [22] at ¶¶ 57, 58, 60, 67, 68, 69, 70, 71(c), 71(l), 72(b), 72(w)-(x).  This is sufficient to survive Rule 12(b)(6) and 9(b).  Therefore, Defendants Motion to Dismiss as to Counts One and Two is **DENIED**.

### 3. Count Eight - Georgia Fair Business Practices Act

Defendant also claims that Plaintiff's Georgia Fair Business Practices Act ("FBPA") fails because the home mortgage industry is a regulated industry. The Georgia FBPA "protect[s] consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state," O.C.G.A. § 10-1-391(a).  However, this statute does not apply to "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of [Georgia] or the United States."  O.C.G.A. § 10-1-396(1).  "[T]he legislature 'intended that the Georgia FBPA have a restricted application only to the

13

unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.'" Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1336 (N.D. Ga. 2000) (citing Chancellor v. Gateway Lincoln-Mercury, Inc., 233 Ga. App. 38, 43, 502 S.E.2d 799 (1998)).

Here, the at-issue conduct is regulated within the consumer marketplace. "The area of mortgage transactions is regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act." Reese v. Wachovia Bank, N.A., 2009 U.S. Dist. LEXIS 94802, at *5 (N.D. Ga. Feb. 23, 2009). Therefore, "[t]he FBPA does not apply to residential mortgage transactions." Id. As a result, Plaintiff's Count Eight fails to state a claim for which relief can be granted and Defendant's Motion to Dismiss is **GRANTED**.[2]

---

[2]Plaintiff cites Kitchens v. Ameriquest Mortgage Co., 2005 U.S. Dist. LEXIS 43937 (2005) for the proposition that Defendant must point to specific conduct which arises under a regulatory scheme for dismissal to be proper. Even if this is the correct standard, as opposed to the more general regulation of an industry, Plaintiff's claims ultimately go to deceptive lending practices and failure to follow proper real estate transaction procedures. See Second Amended Cmpl., Dkt. No. [22] at ¶ 119. These claims are subject to the Truth-in-Lending Act and the Real Estate Settlement Procedures Act which Defendant cited to this Court. See Def.'s MTD, Dkt. No. [23] at 20; Def.'s

### III. Conclusion

In sum, Plaintiff's "Motion to Strike" is **DENIED** and Defendant's Motion to Dismiss [23] is **GRANTED,** as applied to Counts Three, Four, Five, Six, Seven, and Eight, and **DENIED,** as to Counts One and Two.

**SO ORDERED** this  7th  day of October, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

Reply, Dkt. No. [25] at 11 n.10.

AO 72A
(Rev.8/82)